FILED'11 JAN 31 15:03USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

CHEVRON U.S.A., INC.,                                    Civ. No. 10-3063-CL

                    Plaintiff,              **REPORT AND RECOMMENDATION**

        v.

PELICAN BUTTE OIL, LLC, an inactive
Oregon Limited Liability Company,

                    Defendant.

_____

CLARKE, Magistrate Judge.

        Plaintiff Chevron U.S.A. Inc. ("Chevron") filed this action seeking injunctive relief,

damages, an accounting of profits, prejudgment interest, and reasonable attorneys' fees and costs

for alleged unfair competition, trademark infringement and dilution, deceptive trade practices and

unlawful trade practices under federal and state law, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"),

OR. REV. STAT. §§ 646.605-646.656 ("OUTPA"), and the common law.  This court has

jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Default as to

defendant was ordered on November 16, 2010 (#11).  Plaintiff has filed a motion for default

judgment (#12) seeking attorney fees and costs.  For the reasons stated below, plaintiff's motion

Page 1 - REPORT AND RECOMMENDATION

for default judgment and request for attorney fees and costs should be granted.

## LEGAL STANDARDS

The decision to grant or deny a motion for default judgment is within the discretion of the court. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Factors which may be considered in exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72. Default judgments are ordinarily disfavored, and cases should be decided on the merits whenever possible. Id. at 1472.

Upon entry of default, plaintiff's well-pleaded allegations of fact relating to liability, except allegations relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (necessary facts not contained in pleadings and legally insufficient claims not established by default). The facts alleged to establish liability are binding upon the defaulting party upon entry of judgment. Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (internal citation omitted).

Page 2 - REPORT AND RECOMMENDATION

## DISCUSSION

### I.  Motion for Default Judgment

The following was established by entry of default of defendant:  in 2001, Chevron merged with Texaco Inc., thereby acquiring ownership of the TEXACO brand.  TEXACO branded fuel and/or other automobile related products and services have been sold in commerce for more than 100 years, resulting in widespread recognition of and goodwill towards TEXACO branded products and services.  The TEXACO brand encompasses several different trademarks and trade dress including the following federal trademark registrations issued by the United States Patent and Trademark Office ("USPTO"):

- No. 2327867 (issued March 14, 2000, for the Star 21 building design)

- No. 2264612 (issued July 27, 1999, for the Star 21 building design)

- No. 2259016 (issued July 6, 1999, for the Star 21 canopy design)

- No. 2251166 (issued June 8, 1999, for the Star 21 pump design)

- No. 2256757 (issued June 29, 1999, for the Star 21 canopy design)

- No. 1315019 (issued January 15, 1985, for the Star T design)

- No. 1222305 (issued January 4, 1983, for the Star T design)

- No. 794947 (issued August 24, 1985, for the word only mark TEXACO)

- No. 1209440 (issued September 21, 1982, for the word only mark TEXACO)

- No. 57902 (issued December 12, 1906, for the word only mark TEXACO)

The TEXACO marks are inherently distinctive with respect to the products and services sold under them.

Equilon LLC, and later its assignee Shell Oil Co., had a limited license to use and

sublicense the TEXACO brand in the United States, which expired on June 30, 2006. Chevron became the exclusive right holder to the TEXACO brand in the United States on June 30, 2006. Chevron's promotion and sale of products under the TEXACO marks has resulted in significant gains in recognition and goodwill among the purchasing public. The TEXACO marks are non-functional and the public recognizes and understands that the TEXACO marks distinguish and identify Chevron products and services.

Defendant Pelican Butte Oil, LLC ("Pelican") does business as Rogue Valley Oil Co. and offers gasoline products, convenience store services, and/or automobile-related services at 8600 Highway 97 South in Klamath Falls, Oregon, under marks or signage that are confusingly similar to one or more of the TEXACO marks. Pelican's activities are likely to cause confusion, mistake, and deception as to it's affiliation, connection, or association with Chevron, and as to the origin, sponsorship, or approval of Pelican's services and commercial activities, thereby inflicting irreparable harm to the goodwill symbolized by the TEXACO marks.

Chevron filed this action on July 15, 2010. Chevron served Pelican on July 20, 2010, by leaving a copy of the Summons and Complaint at the offices of Pelican's registered agent for service of process, and completed the service by mailing copies on July 21, 2010. Pelican did not file an answer or otherwise appear within 21 days after service, has never filed an answer, and has never requested an extension of time to respond to the Complaint from the court. Chevron moved for entry of default on November 11, 2010 (#7), and served the same on Pelican's registered agent by electronic mail and First Class mail. Pelican did not oppose the motion or otherwise respond in any way. The property at 8600 Highway 97 South in Klamath Falls, Oregon, remains in Pelican's name as of the date of Chevron's motion for default judgment.

**Request for an Award of Attorney Fees**

Chevron seeks $1,962.19 in attorneys fees and $737.64 in costs.  Section 1117(a) of Title 15 of the United States Code provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  In the Ninth Circuit, "exceptional" cases are those where the infringement is "malicious, fraudulent, deliberate or willful."  Gracie v. Gracie, 217 F.3d 1060, 1068 (9th Cir. 2000); Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003); Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1042 (9th Cir. 2003).

The circumstances in the present case warrants an award of fees under § 1117(a). Chevron alleges that its TEXACO brand has been in existence for over 100 years, that the USPTO has issued trademark registrations for the brand as early as 1906, and that its TEXACO trademarks are recognized and understood to distinguish and identify Chevron products and services as a matter of common knowledge, which may be imputed to defendant Pelican. Chevron further alleges that, despite Chevron's exclusive rights to the TEXACO trademarks, Pelican deliberately and willfully infringed on said marks by using the marks to sell various products and services.

Chevron's request for attorneys fees is based on 4.1 hours at $360.00 per hour for attorney time, for a total of $1,476.00; 4.5 hours at $160.00 per hour for attorney time, for a total of $720.00; and 0.3 hours at $155.00 per hour for attorney time, for a total of $46.50; yielding a grand total of $2,242.50 in attorney fees, less a courtesy discount of 12.5% for a total of $280.31, resulting in net billed attorney fees in an amount of $1,962.19.  The charges are itemized in Exhibit 1 to the Declaration of Kenneth R. Davis II (#13) filed in support of the motion for

default judgment.  The court finds that the hours charged on this account are reasonable.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).  The court finds that the billing rates charged are reasonable for the legal community and the experience of counsel's firm.  <u>Webb v. Ada Cnty.</u>, 285 F.3d 829, 840 & n. 6 (9th Cir. 2002); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992).  Accordingly, attorneys' fees in the amount of $1,962.19 should be awarded plaintiff.

**Request for an Award of Costs**

Chevron's Motion for Default Judgment (#12) does not include a request an award of costs.  However, the Complaint includes costs in the prayer for relief, the Declaration of Kenneth R. Davis II (#13) filed in support of the motion for default judgment includes a request for an award of costs (Davis Decl. at 2, ¶ 5-6), and Chevron's Proposed Form of Order (#14) also includes an award of costs.  Therefore, despite the deficiency of Chevron's briefing, the court liberally construes the motion as including a request for an award of costs.

Without the benefit of legal briefing, the court must independently determine the basis for Chevron's request for an award of costs, and finds that Chevron seeks an award of costs under the Lanham Act.  15 U.S.C. § 1117(a) (providing that a prevailing plaintiff shall be entitled" to recover . . . the costs of the action.").  Under Local Rule 265-3 costs shall be taxed in accordance with Federal Rule of Civil Procedure 54(d), which provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d).  Title 28 U.S.C. § 1920 enumerates those expenses which a federal court may tax as costs under Rule 54(d)(1).  <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42, 107 S.Ct. 2494 (1987).  Although a district court possesses

Page 6 - REPORT AND RECOMMENDATION

broad discretionary power to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by § 1920. Id.; *see also* Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.ed 767, 770 (9th Cir. 1988) (recognizing that Crawford "strictly limits reimbursable costs to those enumerated in § 1920."). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920. Alflex Corp. v. Underwriters Lab., Inc., 914 f.2d 175, 177 (9th Cir. 1990), *cert. den.*, 502 U.S. 812 112 S.Ct. 61 (1991).

Plaintiff seeks $737.64 in costs, without itemizing the individual transactions giving rise to the total. However, the court has reviewed Exhibit 1 to the Declaration of Kenneth R. Davis II (#13) filed in support of the motion for default judgment and finds itemized cost charges therein including a $350.00 filing fee, a $189.38 computer legal research fee, a $112.98 process service fee, a $40.00 photographs fee, total charges of $27.36 for copies, a $10.00 delivery charge, a $6.72 "court document charge" fee, and total charges of $1.20 for "reproduction" fees.

Legal research fees, such as Westlaw and Lexis Nexis fees, are generally considered by the court to be overhead and therefore not properly considered costs that may be awarded. Frederick v. City of Portland, 162 F.R.D. 139, 144 (D. Or. 1995); Ringcentral, Inc. v. Quimby, 711 F.Supp.2d 1048, 1066 (N.D. Cal. 2010); *see also* U.S. v. Merritt Meridian Constr. Co., 95 F.3d 153, 172 (2nd Cir. 1996) ("computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost"); Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (computer research costs not statutorily authorized under 28 U.S.C. § 1920); Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 & n. 7 (8th Cir. 1993) (internal citation omitted) (computer costs part of the attorneys' fees and

Page 7 - REPORT AND RECOMMENDATION

not to be taxed separately).  Therefore, the court should exclude the $189.38 claim for computerized legal research fees.

The court finds that the remainder of the fees itemized in Exhibit 1 to the Declaration of Kenneth R. Davis II (#13) are otherwise supported and recoverable as costs.  Therefore the court recommends that costs in the amount of $548.26 should be awarded plaintiff.

## CONCLUSION

For the reasons stated above, the court recommends that plaintiff's motion for default judgment (#12) be GRANTED and that plaintiff be awarded attorneys fees in the amount of $1,962.19 and that plaintiff's costs be allowed in an amount of $548.26, for a total default judgment of $2,510.45.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  *Objections to this Report and Recommendation, if any, are due by February 18, 2011.  If objections are filed, any response to the objections are due by March 10, 2011.  See* Fed. R. Civ. P. 72, 6.

DATED this _____ day of January, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 8 - REPORT AND RECOMMENDATION